**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN CARTER, | : |
| Plaintiff, | : Civil Action No. 17-2709 (MAS) (LHG) |
| v. | : OPINION |
| SALVATORE GIANNA, et al., | : |
| Defendants. | : |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Salvatore Gianna's ("Defendant") Motion to Dismiss the Amended Complaint (the "Motion"). (Mot., ECF No. 28.) *Pro se* Plaintiff Kevin Carter ("Plaintiff") did not file any opposition to the Motion. The Court has carefully considered Defendant's submission and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Motion is denied without prejudice.

**I.    BACKGROUND**

On or about April 20, 2017, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint"), alleging that Defendant, a conductor for New Jersey Transit, violated his Fourth Amendment rights. (Compl. ¶¶ 4, 6, ECF No. 1.) The Court permitted the Complaint to proceed. (Order, June 12, 2017, ECF No. 3.) Shortly thereafter, on September 5, 2017, Plaintiff filed an Amended Complaint which added as a defendant New Jersey Transit Corporation. (Am. Compl., ECF No. 6.) The Court screened the Amended Complaint and dismissed all claims against the New Jersey Transit Corporation as Plaintiff failed to state a cognizable claim against the entity.

(Order, Jan. 18, 2018, ECF No. 10.) The remainder of the Amended Complaint was permitted to proceed. (*See id.*) As opposed to filing an answer to the Complaint, Defendant filed the instant motion. (Mot.)

In the Amended Complaint, Plaintiff alleges that on August 17, 2016 at around 12:00 a.m., he was on board a New Jersey Transit train traveling to Asbury Park from Long Branch. (Am. Compl. 6.) Plaintiff claims that Defendant held the train at Elberon Station and would not permit any passengers to board or disembark from the train. (*Id.*) At some point while the train was stopped, Defendant began questioning Plaintiff about a bag that was found under "someone else's seat." (*Id.*) Plaintiff responded by telling Defendant that it was not his bag and he did not know what was inside the bag. (*Id.*) Defendant then requested that Plaintiff follow him to the vestibule of the train where he continued to question Plaintiff about the contents of the bag. (*Id.*) Plaintiff alleges that he advised he did not want to talk and attempted to disembark the train when Defendant said he could not leave. (*Id.*) Plaintiff also claims that Defendant physically "grabbed" Plaintiff to stop him from disembarking and had another conductor lock the train door. (*Id.*) Law enforcement later arrived at the scene and inspected the bag, which was revealed to contain two guns and ammunition. (*Id.* at 9.) Plaintiff was thereafter arrested by New Jersey Transit Police. (*Id.*) Plaintiff asserts that Defendant's actions constituted an illegal seizure under the Fourth Amendment and additionally brings a claim for false imprisonment. (*Id.*) Plaintiff further alleges that Defendant "racially profiled" him. (*Id.* at 4.)

## II. **LEGAL STANDARD**

In resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure[1] 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the

---

[1] All references to rules hereinafter reference the Federal Rules of Civil Procedure.

2

light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Furthermore, *pro se* pleadings are liberally construed. *See Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

Defendant argues that the Amended Complaint should be dismissed pursuant to the doctrine of qualified immunity. (Br. in Supp. of Mot. 3–5, ECF No. 28-3.) "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When properly applied, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). To overcome qualified immunity, a plaintiff must plead facts sufficient to show that: (1) the official violated a statutory or constitutional right; and (2) "the right at issue was

3

'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232 (citation omitted). A right is clearly established if it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

While the Third Circuit has cautioned "that it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases," *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009), a complaint may be dismissed on a Rule 12(b)(6) motion based on qualified immunity "when the immunity is established on the face of the complaint," *Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006) (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)). Consequently, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Defendant argues that he is entitled to qualified immunity because his conduct was reasonable. Defendant asserts that the Amended Complaint "implies that [Defendant] formed an opinion that the gun might belong to plaintiff or be under plaintiff's control." (Br. in Supp. of Mot. 7.) Specifically, Defendant asserts that the Amended Complaint demonstrates that he "observed a firearm in the passenger area of the train" and "acted reasonably by questioning plaintiff, involving the police, and communicating his observations and opinions to the police." (*Id.* at 7–8.) That is, perhaps, one reading of the Amended Complaint. The Amended Complaint, however, may also be read to imply that there was no basis for Defendant to detain Plaintiff in the train's vestibule. Indeed, construing the Amended Complaint liberally, it is unclear to the Court

4

what information Defendant relied upon to connect Plaintiff to the bag of firearms.[2] The resolution of that issue—whether there was a permissible basis for Defendant to effectuate a seizure of Plaintiff—raises questions of fact that cannot be disposed of on a motion to dismiss. *See, e.g., Wiley v. City of Newark*, No. 16-2530, 2017 WL 4678202, at *2 (D.N.J. Oct. 16, 2017) (denying motion to dismiss where fact discovery was required to resolve factual dispute); *Custin v. Wirths*, No. 12-910, 2016 WL 1157644, at *4 (D.N.J. Mar. 22, 2016) (denying motion to dismiss where it "raise[d] factual issues that cannot be disposed of on a motion to dismiss"). Accordingly, the Court will deny the Motion without prejudice to Defendant raising the issue of qualified immunity at a later date.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Amended Complaint is denied without prejudice. An appropriate order follows.

                                                  MICHAEL A. SHIPP
                                                  UNITED STATES DISTRICT JUDGE

---

[2] While Plaintiff alleges that Defendant "racially profiled" him, he offers no factual support for that statement and it is thus a conclusory allegation that must be disregarded by this Court. *See Fowler*, 578 F.3d at 210–11 (noting that a court "may disregard any legal conclusions" contained in a complaint).